ABRAHAM LIEBERMAN *vs.* ABRAHAM ISAACS and another.

April 24, 1890.

**Executory Sale—Refusal to Deliver—Demand.—Findings** *held* to be justified by the evidence.

Appeal by defendants from an order of the municipal court of Minneapolis, refusing a new trial after a trial by the court, and judgment of $115 ordered for plaintiff.

*Frederick B. Lathrop*, for appellants.

*Merrick & Merrick*, for respondent.

MITCHELL, J. Action to recover damages for the breach of a contract for the sale of a quantity of old iron by defendants to plaintiff, and the question is whether the decision of the trial court was justified by the evidence. It will be found, upon an examination of the evidence, that the whole case turned upon the question when, according to the agreement of the parties, the property was to be delivered and paid for. It is unnecessary to consider how far, if at all, oral testimony was admissible to explain or supplement the written memorandum of the bargain executed by the parties on July 26, 1889, as such evidence was introduced by both parties without objection. The original agreement, which was oral, was that the iron was to be delivered on the cars at Minneapolis on Saturday, July 27th, and

the following Monday, and paid for on delivery.   Subsequently the plaintiff's agent, with whom the business was transacted, was called by telegram to Chicago, and he informed the defendants that he could not attend to the shipment of the iron until his return, and, in view of this, the written memorandum referred to was executed.   Both parties agree that the time for the delivery of, and payment for, the property was postponed until the return of plaintiff's agent from Chicago, but they flatly contradict each other as to when this was to be.   Defendants swear positively that it was expressly understood that the agent was to return and receive and pay for the iron on the following Monday or Tuesday, (July 29th or 30th.)   On the other hand, the agent swears in substance that he told defendants that he would not return for two or three weeks, and that it was in view of this delay that the written memorandum of the bargain was made. This was the pivotal question in the case, for the agent did not return until August 12th, when he found that defendants had previously disposed of most of the iron to other parties.   If the agreement was that the property was to be taken and paid for by plaintiff not later than July 29th or 30th, of course defendants were not bound to keep it for him until August 12th.   On the other hand, if, as plaintiff claimed, it was the understanding that he was not to come for the property for two or three weeks from July 26th, then the trial court would be justified in finding, as he in fact did, that August 12th was within the terms of the contract, and that defendants broke it by disposing of the property prior to that date.   The court found on this issue in favor of plaintiff, and, in view of the conflict of testimony, we cannot say that his finding is not justified by the evidence.   This is decisive of the case; for if, within the life of the contract, defendants wrongfully disposed of the property, this rendered unnecessary a formal demand for it, or tender of payment by plaintiff, which, under the circumstances, would have been a useless ceremony.

Order affirmed.